[Drawings of patent No. 92,718, granted July 20, 1869, to G. W. Glass; published from the records of the United States patent office.]

liquids will be forced up the other, substantially upon the principle as herein described and set forth."

George Shiras, Jr., and J. J. Johnson, for complainant.

William Bakewell and T. B. Kerr, for defendants.

McKENNAN, Circuit Judge. The novelty of the invention claimed by the complainant here is contested, but I do not feel called upon to say whether successfully or not, because the bill must be dismissed on another ground. Whatever may be the capabilities of the invention described in the patent, its character and scope are so circumscribed by the specifications and claims that the respondents cannot be adjudged to be infringers.

The complainant's and the respondents' structures are operated by the application of different forces, and are of different construction, and are, therefore, not substantially identical. I deem it only necessary to make this general statement to indicate the reason for which the decree is made.

Bills dismissed at cost of complainant.

---

## Case No. 12,426a.

SCAIFE et al. v. MAGENS et al.

[19 O. G. 791.]

Circuit Court, D. Kentucky. Feb. 21, 1881.

PATENTS—BOILERS—VALIDITY.

Reissue letters patent No. 4,467, granted July 11, 1871, to William B. Scaife, for improvement in boilers for ranges, stoves, &c., declared invalid and void.

In equity.

James J. Johnston, James Speed, and Thomas Speed, for complainants.

James A. Beattie and Strawbridge & Taylor, for defendants.

BAXTER, Circuit Judge. This day this cause having been heard on evidence of the respective parties thereto, as contained in the printed records of said parties filed in the cause this day, and on the exhibits therein referred to, and on the arguments of James J. Johnston, James Speed, and Thomas Speed for complainants, and of James A. Beattie and Strawbridge & Taylor for defendants, it is ordered, adjudged, and decreed that the reissued letters patent No. 4,467, dated July 11, 1871, to William B. Scaife, for improvement in boilers for ranges, stoves, &c., are invalid and void; and that the bill in equity in the above cause be, and is hereby, dismissed. And it is further ordered, adjudged, and decreed that the defendants recover of the complainants their costs herein expended.

And thereupon complainants prayed an appeal to the supreme court of the United States, which was granted.

[The records of the office of the clerk of the supreme court do not show any entry of an appeal in this case.]

---

SCAIFE v. SHERRIFFS. See Case No. 12,426.

---

## Case No. 12,427.

### In re SCAMMON.

[6 Biss. 130;[1] 6 Chi. Leg. News, 328; 10 Alb. Law J. 29; 1 Am. Law T. Rep. (N. S.) 372; 21 Pittsb. Leg. J. 207; 6 Leg. Gaz. 229.]

District Court, N. D. Illinois. June, 1874.

BANKRUPTCY—NUMBER AND AMOUNT OF CREDITORS — AMENDED ACT — CASES PENDING — REQUIREMENTS—VERIFICATION OF PETITION.

1. Creditors' petition must show affirmatively that the requisite number of creditors join therein. Such allegation may, however, be made upon information and belief.

2. In cases pending at the time of the passage of this amendment, the petitioning creditors must amend their petition, and insert the allegations as to number and amount of the petitioning creditors.

3. In all cases the creditors must make this allegation before the debtor can be required to show cause, or even file a schedule of his creditors.

4. Argumentum ab inconveniente can not be considered by the bankruptcy court; a creditor wishing the benefits of the law must comply with all its requirements.

5. The amended petition must be sworn to in the same manner as an original petition.

6. On the call of the calendar, a pending petition will not be dismissed, absolutely, but leave to amend will be granted.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]